# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 23-MJ-5320-JGD
Red iPhone 13 with black case, SN: L9XM59DN90, FBI )
# 1B72, bearing IMEI 358469528534634 in FBI custody )
at 201 Maple Street, Chelsea, MA )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1

located in the _____ District of _____Massachusetts_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 371, 922, 924, 2314, 2315, 1956, 1957, 1962; 21 U.S.C. §§ 841, 846 | Interstate Transportation and Receipt of Stolen Property, Money Laundering, Firearm Possession, Firearm Use, Racketeering Conspiracy, Drug Distribution and Possession with Intent to Distribute, and Conspiracy to Commit Those Offenses |

The application is based on these facts:
See attached affidavit of FBI Special Agent Tyler Delorme, Exhibit 1, Exhibit 2, Exhibit 3, Exhibit 4, Exhibit 5 and Exhibit 6 to the Affidavit incorporated by reference and attachment

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Tyler Delorme* (signature)
*Applicant's signature*

Tyler Delorme, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___telephone___ *(specify reliable electronic means)*.

Date: **Sep 5, 2023**

*Judith Gail Dein* (signature)
*Judge's signature*

City and state: Boston, Massachusetts     Hon. Judith G. Dein, United States Magistrate Judge
*Printed name and title*

**ATTACHMENT A-1**
**Property to Be Searched**

Red iPhone 13 with black case, Model: A2482, SN: L9XM59DN90, FBI # 1B72, bearing IMEI 358469528534634, seized from 799 S. West Street, Feeding Hills, MA, believed to be owned and utilized by Rafael DAVILA, currently located at 201 Maple Street, Chelsea, Massachusetts (the TARGET DEVICE).

Photographs of the TARGET DEVICE follow:



## ATTACHMENT B

I.    All evidence, in whatever form, for the periods of January 1, 2020 through April 12, 2023, including records and data that constitute evidence, fruits, or instrumentalities of violations of 18 U.S.C. §§ 371, 2312, 2314, 2315 (interstate transportation of vehicles, interstate transportation of stolen property and receipt of stolen property in interstate commerce), 18 U.S.C. § 2113(b) (theft from a federally insured bank), 18 U.S.C. §§ 1956, 1957 (money laundering and expenditure of funds derived from suspected unlawful activity), 18 U.S.C. §§ 922(g) (felon in possession of a firearm), 922(n) (possession of a firearm while facing criminal charges carrying a penalty exceeding one year), 922(k) (possession of a stolen firearm), 924(c) (use and carrying of a firearm during and in relation to a drug crime or crime of violence) 924(o) (conspiracy to use and carrying of a firearm during and in relation to a drug crime or crime of violence); 18 U.S.C. § 1962 (racketeering and conspiracy to conduct enterprise affairs through a pattern of racketeering activity); 21 U.S.C. §§ 841 and 846 (relating to distribution of controlled substances, and conspiracy to distribute controlled substances), (hereinafter the "TARGET OFFENSES"), including photographs, communications, and video files, pertaining to the TARGET OFFENSES, and specifically including records and data related to:

A.    The identities of any members, leaders and associates of the enterprise;

B.    Identification of racketeering acts and crimes being committed by members of the enterprise;

C.    Methods of communication between members of the enterprise;

D.    Any controlled substances, including fentanyl, pills, heroin, marijuana, cocaine, and cocaine base;

E.    Firearms, ammunition, and any documents and items related to firearms and ammunition, including manuals, storage containers, receipts, invoices, literature, targets, shell casings, firearms accessories, selector switches, magazines, scopes, silencers, and other items made for or anticipated to be used in conjunction with firearms;

F.    communications, images and videos, concerning firearms, ammunition, and any documents and items related to firearms and ammunition, including manuals, storage containers, receipts, invoices, literature, targets, shell casings, firearms accessories, magazines, scopes, silencers, and other items made for or anticipated to be used in conjunction with firearms;

G.    communications, photographs and video and audio recordings which document an association with other co-conspirators and/or which display controlled substances, firearms, ammunition, acts of violence, threats of violence, and chemicals/materials, mechanisms, packaging and adulterants used in the manufacturing and distribution of controlled substances

H.    photographs of and references to materials, chemicals, equipment and paraphernalia associated with the manufacturing, ordering, packaging, importation, possession, purchase, storage, distribution, and/or transportation of controlled substances, including, but not limited to, scales, packaging materials, storage bins, containers, cutting agents, and scales;

I. manufacturing, ordering, possession, purchase, storage, distribution, and/or transportation of controlled substances, including records of sales, records of purchases, log books, pill/tablet presses, drug ledgers, personal telephone/address books containing the names of purchasers and suppliers of controlled substances used to manufacture controlled substances, electronic organizers, Rolodexes, telephone bills, telephone answering pads, bank and financial records, and storage records, such as storage unit and storage locker receipts and safety deposit box rental records and keys

J. laundering of proceeds of drug trafficking and theft crimes, including, concealment of the true source of funds, promotion of drug trafficking and theft crimes, false statements concerning legitimate sources of income, the presence (or absence of paystubs substantiating income), receipts and records of items purchased, real estate transaction records, automobile transaction records, procurement of video and music creation, production, and editing services, jewelry and fine metal transaction records, the manner and means by which items and necessities are paid for on daily basis and while traveling, transactions in cash and other monetary instruments,, records reflecting transactions at casinos, flights and airline travel, hotels and rental expenditure, jewelry, chains, bracelets, diamonds, credit cards, debit cards, money orders, and other instruments by which cash proceeds can be transacted and converted into good and services;

K. the identity of persons occupying, possessing, residing in, owning, frequenting or controlling physical premises including keys, rental agreements and records, property acquisition records, utility bills and receipts, photographs, answering machine tape recordings, telephones, vehicle and/or vessel records, canceled mail envelopes, correspondence, financial documents such as tax returns, bank records, safety deposit box records and keys, storage unit records and keys, canceled checks, and other records of income and expenditure, credit card records, travel documents, and personal identification documents;

L. methods of communications between co-conspirators, rivals, or victims including the telephone numbers, messaging applications, and social media accounts used, including those used by Rafael DAVILA, Jose TORRES, Nicolas DAVILA, Santo FELIBERTY, Alex OYOLA, Carlos FONSECA, and Zachary MARSHALL;

M. communications between co-conspirators regarding catalytic converter thefts, burglaries, and the TARGET OFFENSES.

N. acts taken or statements made by co-conspirators during or in furtherance of the conspiracy;

O. communications, photographs and video and audio recordings which document an association with other co-conspirators and/or which display information and instances relevant to catalytic converter thefts, burglaries, and the TARGET OFFENSES

P. laundering of proceeds of interstate theft and transportation of stolen property, through concealment of the true source of funds, promotion of the crimes, false statements concerning legitimate sources of income, the presence (or absence of paystubs substantiating income), receipts and records of items purchased, real estate transaction records, automobile transaction records, jewelry and fine metal transaction records, the manner and means by which items and necessities are paid for, transactions in cash and other monetary instruments, sports betting records, betting slips, records reflecting

      transactions at casinos, jewelry, chains, bracelets, diamonds, credit cards, debit cards, money orders, and other instruments by which cash proceeds can be transacted and converted into good and services;

Q.      purported employers, or lack of employment for Rafael DAVILA, Jose TORRES, Nicolas DAVILA, Santo FELIBERTY, Alex OYOLA, Carlos FONSECA, and Zachary MARSHALL;

R.      The historical whereabouts, locations or travels of any leaders, members, associates, co-conspirators, including Rafael DAVILA, Jose TORRES, Nicolas DAVILA, Santo FELIBERTY, Alex OYOLA, Carlos FONSECA, and Zachary MARSHALL

S.      Locations and physical premises where evidence of the TARGET OFFENSES, and things of value are being stored and concealed, including storage units, safe deposit boxes, rental units, lockers, and properties.

T.      Photographs of and references to tools, Sawzalls, bolt cutters, reciprocating saws, gloves, blades, headlamps, masks, hammers, saws, pipe cutters, and other items utilized in the cutting of catalytic converters, ATM theft, car theft, and burglary;

U.      The December 31, 2022, murder of Geovanni Saldana, including identities of the persons involved and targeted, motivations for the murder, planning and coordination of the murder, communication between participants and planners of the crime, acts to conceal the identity of the assailants and complete the crime without police knowledge of those involved, procurement of weapons and instrumentalities, disposal of evidence and instrumentalities, the current whereabouts of pertinent digital and physical evidence related to this incident, and any other information related to the murder;

      This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## DEFINITIONS

      For the purpose of this warrant:

A.      "Equipment" means any computer hardware, computer software, mobile phone, storage media, and data.

B.      "Hardware" means any electronic device capable of data processing (such as a computer, smartphone, cell/mobile phone, or wireless communication device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and any security device, (such as electronic data security hardware and physical locks and keys).

C.      "Computer software" means any program, program code, information or data stored in

    any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a user name; or a password), whether stored deliberately, inadvertently, or automatically.

D. "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, or memory card).

E. "Data" means all information stored on storage media of any form in any storage format and for any purpose.

F. "A record" is any communication, representation, information or data. A "record" may be comprised of letters, numbers, pictures, sounds or symbols.

## RETURN OF SEIZED COMPUTER EQUIPMENT

If the owner of the seized equipment requests that it be returned, the government will attempt to do so, under the terms set forth below. If, after inspecting the seized equipment, the government determines that some or all of this equipment does not contain contraband or the passwords, account information, or personally-identifying information of victims, and the original is no longer necessary to retrieve and preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to the authenticity of a forensic copy (but not necessarily relevancy or admissibility) for evidentiary purposes.

If equipment cannot be returned, agents will make available to the computer system's owner, within a reasonable time period after the execution of the warrant, copies of files that do not contain or constitute contraband; passwords, account information, or personally-identifying information of victims; or the fruits or instrumentalities of crime.

For purposes of authentication at trial, the Government is authorized to retain a digital copy of all equipment seized pursuant to this warrant for as long as is necessary for authentication purposes.